UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENTRIES THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| VS. | ) | Civil Action No: SA-11-CA-322-XR |
| | ) | |
| RICK THALER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Report and
Recommendation concerning Petitioner Gentries Thomas's petition for writ of habeas corpus under
28 U.S.C. § 2254, as well as Respondent's objections thereto. After careful consideration, the Court
GRANTS Thomas's petition for a writ of habeas corpus.

**Background**

Petitioner Thomas is currently serving a 30-year sentence in the custody of the Texas
Department of Criminal Justice–Correctional Institutions Division. He was found guilty by a jury
of aggravated robbery on November 1, 2007. His conviction was affirmed by the Texas Fourth
Court of Appeals. *Thomas v. State*, No. 04-07-00775-CR, 2008 WL 5264870 (Tex. App.—San
Antonio, pet. ref'd June 10, 2009). The Texas Court of Criminal Appeals refused Thomas's petition
for discretionary review. On January 26, 2010, Thomas filed a state habeas application under Article
11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals denied the
application without written order on April 28, 2010.

Thomas filed his federal habeas application with this court on August 18, 2010. In his
petition, Thomas raised five grounds for habeas relief: (1) that he was denied his right to exercise

peremptory strikes because the trial court failed to properly instruct the venire regarding the "special weight and credence to police testimony" and Thomas's right to remain silent; (2) that trial counsel was ineffective[1]; (3) that the conviction is void because neither the Texas Code of Criminal Procedure nor the Texas Penal Code supports it; (4) that the trial court erred in failing to instruct the jurors fully on the definition of "deadly weapon" or "unknown object," thus denying Thomas an impartial trial; and (5) that the trial court erred in failing to *sua sponte* include within the charge the lesser-included offense of assault.

### Magistrate Judge's Memorandum and Recommendation

First, the Magistrate Judge rejected Thomas's claim that he was denied his right to peremptory strikes because the trial court failed to properly instruct the venire regarding the "special weight and credence to police testimony."  The Magistrate Judge concluded that the trial court's failure to assist counsel in obtaining information that would permit the intelligent exercise of peremptory strikes did not give rise to a constitutional claim.  *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000).  The Magistrate Judge also rejected Thomas's claim that the trial judge failed to properly instruct the jury panel on police testimony so as to permit him to exercise his challenges for cause, reasoning that there is no constitutional requirement for such an instruction.  And although Thomas indicates that the trial judge failed to properly instruct the venire on his right to remain

---

[1] On his ineffective assistance of counsel ground, Thomas alleges defense counsel failed: (i) to ask the venire about following the law, remaining fair and impartial, or how to weigh the testimony of a police officer, thereby jeopardizing Thomas's right to exercise peremptory strikes; (ii) to object to the prosecutor's improper comments throughout trial, including the prosecutor's comments that witnesses would not come forward because they were scared of Thomas; (iii) to object to the prosecutor's repeated questioning of Thomas's mother regarding Thomas's reputation; (iv) to "interview witnesses, know the law, and be familiar with the case"; (v) to object to extraneous offense testimony; (vi) to object to the prosecutor bolstering a witness's credibility from outside the record; (vii) to object to the prosecutor's suggestion, from outside the record, that there were other witnesses who knew about the case and that Thomas had confessed to them; (viii) to object to the trial court's refusal to define deadly weapon as requested by the deliberating jury; (ix) to request jury charge instructions on the lesser-included offense of criminal assault.

silent, the Magistrate Judge rejected this claim, too, on the ground that Thomas failed to request that the trial judge so instruct the panel. Likewise, while Thomas suggests that the trial court erred in failing to give an instruction on the weighing of police testimony in its final charge to the jury, the Magistrate Judge determined that Thomas made no proposal for the inclusion of such an instruction.

Second, as to Thomas's ineffective assistance of counsel ground, the Magistrate Judge determined that the prosecutor's comments, questions, and arguments at trial amounted to persistent and pronounced misconduct. The Magistrate Judge concluded that defense counsel's failure to object to the misconduct was objectively unreasonable, and but for the failure of defense counsel to object to any of the misconduct, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Third, addressing Thomas's contention that his conviction is void under state law, and fourth, his contention that the trial court erred in failing to instruct the jurors fully on the definition of "deadly weapon" or "unknown object," the Magistrate Judge disagreed with Thomas's assertion that an "unknown object" cannot be a "deadly weapon" as contemplated by the Texas Penal Code. Instead, the Magistrate Judge deferred to the state courts' interpretation of state statutes. *Rocha v. Thaler*, 626 F.3d 815, 822 (5th Cir. 2010); *Mixon v. State*, 804 S.W.2d 107, 107 (Tex. Crim. App. 1991) (approving the practice of allowing an unknown object as a deadly weapon).

Fifth, the Magistrate Judge concluded that Thomas was not entitled to a lesser-included offense instruction of assault because there was no evidence in the record that if Thomas was guilty, he was guilty only of assault. *See Aguilar v. Dretke*, 428 F.3d 526, 531 n.2 (5th Cir. 2005) (describing the two prong test to determine if a defendant is entitled to a lesser-included offense charge). In addition, Thomas cited to no authority which would require a trial court to *sua sponte* include a lesser-offense instruction on assault.

The Magistrate Judge's overall conclusion was that Thomas's federal habeas petition should be granted, as defense counsel's unprofessional conduct was sufficient to undermine confidence in the outcome of the case. *Strickland*, 466 U.S. at 694.

### Standard of Review

This Court reviews the objected-to portions of the Magistrate Judge's Report de novo. 28 U.S.C. § 636(b)(1). Such review means that the Court will examine the entire record and will make an independent assessment of the law. Furthermore, this Court reviews the portions of the Report and Recommendation that are not objected to for clear error. *Id.*; *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A petition for a writ of habeas corpus is reviewed under the standards set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pub L. No. 104-132, 110 Stat. 1214 (1996). Pursuant to 18 U.S.C. § 2254(d), as amended by AEDPA, a petitioner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to . . . clearly established federal law" if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law [or] . . . confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at [the opposite result]." *Williams v. Taylor*, 529 U.S. 362, 406 (2000). A state court decision is "an

unreasonable application of clearly established federal law" if it either "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or makes an unreasonable determination as to whether or not to extend a legal principle from the Supreme Court's precedent to a new context. *Id*. at 407. Thus, this Court must examine the state court's ruling to determine if it was so unreasonable as to constitute an error "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

### Analysis

This Court finds no clear error in the portions of the Magistrate Judge's Report and Recommendation that were not objected to. Upon reviewing de novo the portions of the Magistrate Judge's Report and Recommendation that were objected to, this Court finds that Thomas was denied the effective assistance of counsel.

While Respondent raises five objections to the Magistrate Judge's opinion, these objections combine to form one: that the series of incidents to which defense counsel failed to object, cited in Thomas's petition, do not rise to the level of ineffective assistance of counsel. To obtain habeas relief on a claim of ineffective assistance of counsel, Thomas must demonstrate (i) that his counsel was deficient and (ii) that the deficiency prejudiced his defense. *Strickland,* 466 U.S. at 687. Under *Strickland*'s performance prong, Thomas carries the burden of proving that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Thomas must rebut a strong presumption that the conduct of counsel falls within a wide range of reasonable professional assistance. *Id.* at 690. Under *Strickland*'s prejudice prong, Thomas must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.  *Id.* at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

*1. Prosecutor's Remark in Opening Statement*

In her opening statement, the prosecutor informed the jury that it would soon  learn that the co-defendant, Tamara Porter ("Porter"), had prompted the victim, Billy Lott ("Lott"), to get out of his car at the rest stop where he was subsequently robbed by Thomas.   The prosecutor then commented: "Something's weird with that," likely meant to imply that Porter was setting up Lott for Thomas's robbery attempt.   Thomas's defense counsel did not object to this comment.   The Magistrate Judge determined that this comment was a "clearly improper" interjection of opinion, which defense counsel should have objected to.    Nonetheless, the Magistrate Judge went on to conclude that defense counsel's failure to so object did not prejudice Thomas, as the introduction of this isolated comment did not render the trial fundamentally unfair.  *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

Respondent objects to the Magistrate Judge's finding that this comment was "clearly improper," asserting that the comment was merely a summation of the evidence presented.  This Court rejects Respondent's objection.  The comment was indeed improper.  The prosecutor was highlighting the anticipated evidence, but then inserted the personal remark.[2]  However, as the Magistrate Judge concluded, defense counsel's failure to object to this comment did not prejudice Thomas.  There is not a reasonable probability that, if defense counsel had objected, the outcome of the trial would have been different.  Thomas cannot establish ineffective assistance on this claim.

---

[2] Vol. 3, p. 21.

*2. Prosecutor's Comments on Absence of Witnesses and Thomas's Reputation*

The Magistrate Judge found defense counsel ineffective for failing to object to the prosecutor's comments that there was only one witness at trial because other witnesses were too afraid of Thomas to testify against him. During voir dire, the prosecutor questioned the jury panel members about their willingness to convict upon the testimony of one witness.[3] Thomas's attorney failed to object to any suggestion that individuals were afraid of Thomas.

At trial, the prosecutor cross-examined Thomas's mother on whether she agreed with the statement that there are people afraid of Thomas; Thomas's mother responded, "No." Again, Thomas's attorney neglected to object.[4]

During closing argument, the prosecutor indicated that the jury had not heard from the co-defendant and suggested that this was attributable to her fear of Thomas, adding: "[R]egardless of what his momma wants you to believe that nobody is scared of him. Folks are. The people that we did find conveniently were out of the state when this came to trial. Wouldn't take their subpoenas." Once again, Thomas's attorney did not object to these closing remarks.[5]

---

[3] The prosecutor first asked the panel: "How many of you believe ... that there can be witnesses to an aggravated robbery?.... Why wouldn't somebody that witnessed it want to come and testify then? Why do you think somebody wouldn't want to get involved?" Reporter's Record Volume 2, pp. 14-15. One venireman responded: "They could be afraid." Id. at p. 15. The prosecutor then stated: They're scared. Okay. What about a party to the offense, they were a co-defendant in this whole thing? Would that be another reason?" Id. Sometime later the prosecutor began questioning individual panel members. The prosecutor asked one venireman whether one witness was enough to achieve beyond a reasonable doubt. The venireman responded: "I can't say that I agree with that all the time. It depends on the circumstances." Id. at p. 55. The prosecutor responded: "But we talked about in general sometimes people may see but they're not willing to come forward because they were a party to it and under the law they have a right not to incriminate themselves or they're scared of the repercussions from the person on trial...." Id. The venireman stated: "I understand what you're saying, but how does the jury know that there's not more?... And so if there's only one witness then we would know that that is the only one that - -" Id. at 56. The prosecutor responded "That's either willing to come forward or that we can find." Id.

[4] Vol. 4, p. 23.

[5] Vol. 4, pp. 48-49.

Thomas argues that there is no evidence in the record to support the prosecutor's suggestion that any witness failed to testify because of a fear of Thomas, and that the prosecutor's remarks improperly fed this false notion. The Magistrate Judge agreed, finding that the prosecutor stepped outside of permissible bounds; without any supporting record evidence, the prosecutor suggested that the state had found several witnesses who were either out of Texas at the time of trial or refused to accept subpoenas, and that these witnesses refused to attend because they were afraid of Thomas. The Magistrate Judge concluded that the defense counsel's failure to object to the prosecutor's remarks amounted to ineffective assistance of counsel under *Strickland.* Respondent objects to the Magistrate Judge's findings and conclusions on this claim. Specifically, Respondent claims the comments did not prejudice the jury because they were merely references back to a statement made by a venire person.

Nonetheless, Respondent's argument is unavailing. The prosecutor was not simply referring to a statement made by a venire person. On multiple occasions throughout the trial, the prosecutor suggested to the jury—without any competent evidence—that several witnesses refused to attend because they were afraid of Thomas. The state relied on one witness, the victim. The date of the assault, the victim was seeking to purchase crack cocaine. The state relied upon its arguments that there were no other witnesses to the crime because the co-defendant did not want to implicate herself and others were unwilling to testify because they're scared. This argument was used to bolster the testimony of the victim.

The remarks also enabled the prosecution to portray Thomas as a dangerous man with a violent reputation. As Thomas is on trial for aggravated robbery, it is reasonably probable that the remarks swayed the jury to infer that Thomas was guilty of the offense charged. *See Hall v. United States,* 419 F.2d 582, 585 (5th Cir. 1969) (holding as improper prosecutor's remark in closing

statement, unsupported by any evidence, that government witness had failed to attend the trial because he was scared of defendant). As in *Hall*, the remarks here implicate the "integrity of the trial itself." *See id.* The prosecutor's persistent and pronounced misconduct so infected the trial with unfairness that the resulting conviction was a denial of due process. *Darden*, 477 U.S. at 181; *see also Geiger v. Cain*, 540 F.3d 303, 308 (5th Cir. 2008). Applying *Strickland*, the prosecutor's remarks were both objectively deficient and prejudicial. The prosecutor's conduct fell below an objective standard of reasonableness, and but for the prosecutor's deficient conduct, there is a reasonable probability that the result of the trial would have been different.

*3. Extraneous Offense Testimony*

The Magistrate Judge also found defense counsel ineffective for failing to object to extraneous testimony. Thomas alleges that the prosecutor improperly indicated in her opening statement that Lott had purchased cocaine from Thomas in the past, solicited testimony from Lott to that effect, questioned Thomas's mother on Thomas's reputation as a drug dealer, and referred to Thomas in her closing statement as a drug dealer. Thomas's attorney only made one objection related to this line of commentary: he only objected when the prosecutor attempted to question the victim regarding the number of drug purchases he made from Thomas. Respondent argues that Lott's testimony was appropriate to establish how Lott was familiar with Thomas, thus refuting Thomas's defense that he was not present during the attack on Lott, and Thomas's implication that Lott misidentified Thomas as the attacker. According to the Magistrate Judge, however, evidence that Thomas was a drug dealer or that Lott had previously purchased cocaine from Thomas was not relevant to their relationship, Lott's identification, or any issue at relevant to the trial. The extraneous evidence had no rational connection with the aggravated offense with which Thomas was charged. The Magistrate Judge considered such extraneous evidence against the backdrop of the

prosecutor's highly inflammatory remarks about missing witnesses, and concluded that defense counsel's failure to object to these remarks was both objectively deficient and prejudicial under *Strickland*. Respondent objects to the Magistrate Judge's relevant findings and conclusions.

This Court agrees with Respondent that Thomas is unable to demonstrate that defense counsel's failure to object to the prosecutor's commentary on Thomas's drug dealing with Lott amounted to ineffective assistance. Normally, evidence of other crimes is not admissible to prove a person's character in order to show that he acted in conformity therewith. Tex. R. Crim. Evid. 404(b). But such evidence may still be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id*. Furthermore, evidence of other crimes is admissible when it logically serves to make more probable either an elemental fact, an evidentiary fact that inferentially leads to an elemental fact, or defense evidence that undermines an elemental fact. *Montgomery v. State*, 810 S.W.2d 372, 287–88 (Tex. Crim. App. 1991) (opinion on rehearing). Viewed deferentially, the fact that Thomas had sold drugs to Lott in the past was appropriate to establish that Lott was familiar with Thomas, thereby helping to corroborate Lott's identification of Thomas and refute Thomas's alibi defense. *See Albrecht v. State*, 486 S.W.2d 97, 100–01 (Tex. Crim. App. 1972) (holding as admissible evidence of extraneous offense to "circumstantially prove identity where the state lacks direct evidence").

*4. Bolstering Witnesses*

Next, the Magistrate Judge found defense counsel ineffective for failing to object to the prosecutor's improper comments bolstering Lott's credibility. In closing argument, the prosecutor suggested that Lott had no motive to lie, while Thomas's relatives who testified to his alibi did have such a motive. Respondent objected to the Magistrate Judge's relevant findings and conclusions.

10

Except where based on the evidence of the case, an attorney may not express a personal opinion on the "merits of the case or the credibility of witnesses." *United States v. Garza*, 608 F.2d 659, 663 (5th Cir. 1979). However, an attorney may state contentions as to the conclusion the jury should draw from the evidence. *Id.* at 662. This Court finds that defense counsel's failure to object to the prosecutor's credibility-bolstering-comments was not objectively deficient under *Strickland*. In any event, the comments were not prejudicial: There is not a reasonable probability that, if the prosecutor had not made such comments, the result of the trial would have been different. This Court therefore finds that Thomas has not shown ineffective assistance on this claim.

*5. Reference to an Adverse, Uncalled Witness*

Finally, the Magistrate Judge found trial counsel ineffective for failing to object when the prosecutor asked Thomas's alibi witnesses if they would be surprised to hear that Thomas had confessed to another individual whose testimony was not in the record. In cross-examination of Thomas's mother, the prosecutor asked, "And would it surprise you to know that there is someone that Mr. Thomas confessed to and said he did beat [the victim]?" Thomas's mother replied that this suggestion was a lie. The prosecutor also asked Detra Marie Hunt, another alibi witness for Thomas, "Would it surprise you to know he told a cousin that he did it?" In her closing statement, the prosecutor repeated that she had asked Thomas's mother about Thomas's confession that he had beaten Lott, along with Thomas's mother's response. Thomas's defense counsel objected to none of these improper questions or remarks.

Respondent objects to the Magistrate Judge's findings and conclusions that defense counsel's failure to object to these questions and remarks was ineffective assistance. Respondent contends that the prosecutor was simply questioning the firmness of the alibi witnesses' testimony, which she is

11

permitted to do, and that the questioning was on a collateral matter that the state could not have proven otherwise as part of its case in chief.

Respondent's arguments, however, are nonsensical.  The Court agrees with the Magistrate Judge that Respondent cannot seriously contend that it could not have presented a witness to testify, in its case in chief, that Thomas confessed his crime to them.  By her questions, and by her comment in her closing statement, the prosecutor is representing that the state knows of a witness to whom Thomas had confessed his crime; normally, such a representation would be made through witness testimony at trial.  Instead, the prosecutor took it upon herself to plant the idea in the jury's mind, without any evidence.  But the state cannot attempt to establish a theory of a defendant's act by questions alone, with no basis in fact.  *Hartman v. State*, 507 S.W.2d 553, 556 (Tex. Crim. App. 1974).  Here, the prosecutor's misconduct so infected the trial with unfairness that the resulting conviction was a denial of due process.  *Darden* 477 U.S. at 581; *Geiger*, 540 F.3d at 308.  Defense counsel did not object.  Such failure to object was objectively deficient performance and prejudiced Thomas; but for defense counsel's unprofessional error, the result of the trial would have been different.

This Court holds that defense counsel committed ineffective assistance under *Strickland* for failing to object to the prosecutor's persistent and pronounced comments, without any supporting evidence, that (i) there was only one witness at trial because other witnesses were too afraid of Thomas to testify against him and that (ii) Thomas had confessed his crime.  If defense counsel had objected to such objectively deficient conduct, there is a reasonable probability that the outcome of the trial would have been different.  Indeed, although Lott testified that Thomas struck him, a third person was present at the time of the incident, but Lott could not identify this person with certainty.  Furthermore, it is undisputed that Lott had used cocaine prior to the incident.  Without the

12

inadmissible comments by the prosecutor, there is a reasonable probability that the jury would have viewed the testimony of Thomas's alibi witnesses more favorably and, in turn, acquitted Thomas. Counsel's errors are sufficient to undermine confidence in the outcome of the case. *Strickland*, 466 U.S. at 694. The state courts' determination that Thomas was not denied the effective assistance of counsel is contrary to and amounted to an unreasonable application of clearly-established federal law.

### Conclusion

For the reasons stated above, Thomas's federal habeas petition is GRANTED.

It is so ORDERED.

SIGNED this 27th day of February, 2012.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE